IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS SAVAGE, | ) |
|     Plaintiff, | ) |
| v. | )    CIVIL ACTION NO. 2:05-CV-1075-F |
| | )                          [WO] |
| MONTGOMERY POLICE DEPT., et al., | ) |
|     Defendants. | ) |

**ORDER ON MOTION**
and
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Thomas Savage ["Savage"], an inmate and frequent litigant in the federal courts of this state. On November 30, 2005, Savage filed an application for leave to proceed *in forma pauperis* in this cause of action. Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

The records of this court and the other federal courts of this state establish that Savage, while incarcerated or detained, has on more than three occasions had civil actions summarily dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit.  The cases on which the court relies in finding a violation by Savage of § 1915(g) are as follows:  (1) *Savage v. Battles, et al.*, Civil Action No.4:92-CV-2581-A (N.D. Ala. 1993); (2) *Savage v. Allgood, et al.*, Civil Action No. 4:92-CV-2503-P (N.D. Ala. 1993); (3) *Savage v. Swift, et al.*, Civil Action No. 2:92-CV-447-T (M.D. Ala. 1992); (4) *Savage v. Byrne, et al.,* Civil Action No. 1:92-CV-318-V (S.D. Ala. 1993); (5) *Savage v. United States District Court,* Civil Action No. 2:89-CV-1136-A (N.D. Ala. 1989); (6) *Savage v. United States District Court,* Civil Action No. 2:89-CV-965-P (N.D. Ala. 1989).[2]

In the instant complaint, Savage contends that officers of the Montgomery Police Department relied on a "defective warrant" when effectuating his arrest.  *Plaintiff's Complaint* at 2.  Savage argues that the arrest is therefore "unlawful" and maintains that his confinement based on this arrest constitutes "false imprisonment."  *Id*.  The allegations contained in the complaint fail to demonstrate that Savage was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to application of 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

---

[2] Although this list of cases is not exhaustive, it is representative of the civil cases summarily dismissed by this court and the other federal courts of this state.

Based on the foregoing, the court concludes that Savage's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as the plaintiff failed to pay the requisite $250 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").[3]

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed Thomas Savage on November 30, 2005 (Court Doc. No. 3) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Savage's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before December 14, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

---

[3] Savage is well aware of the requirement that he submit payment of the filing fee upon initiation of a 42 U.S.C. § 1983 action as this court recently relied on the provisions of 28 U.S.C. § 1915(g) to deny his request for leave to proceed *in forma pauperis* and dismiss a civil action. *See Savage v. Collins*, Civil Action No. 2:05-CV-692-F (M.D. Ala. 2005).

3

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of December, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE